IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-3254 |
| ) | |
| FOUR THOUSAND SEVEN HUNDRED ) | |
| NINETY DOLLARS ($4,790.00) IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Claimant David Lacey's motion for summary judgment or to dismiss for failure to state a claim. Pending also is the Claimant's motion to compel discovery or in the alternative to dismiss.

I. BACKGROUND

This is a civil action <u>in rem</u> pursuant to 21 U.S.C. § 881(a)(6) for the forfeiture of $4,790.00, which the Government alleges is money furnished

1

or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., or are proceeds traceable to such an exchange. Pursuant to Federal Rules of Civil Procedure 12(c) and 56 and Supplemental Rule E(2)(a),[1] the Claimant moves for an Order of judgment on the pleadings or, in the alternative, an Order dismissing the Government's verified complaint in this case and directing the Government to return to him the $4,790.00 which is at issue in this proceeding, in addition to interest, attorney's fees and costs.

The Government alleges that on July 16, 2004, law enforcement agents conducted a traffic stop on a red 2004 Nissan sedan on Interstate 55 near mile marker 132, which is north of Lincoln, Illinois, and in Logan County. The occupants inside the car were identified as Antwain Brown, driver, and Jason Davis, passenger. The Claimant is the father of Davis.

---

[1]Rule E(2)(a) provides, "In actions to which this Rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

Illinois State Police troopers conducted a canine search of the vehicle. Although the ISP K-9 positively alerted on the vehicle for a detection of narcotics, the Government does not allege that drugs were discovered. Upon further search of the vehicle, however, ISP troopers found a large sum of currency in a black and green carry bag in the trunk. Brown and Davis were transported to the Logan County Jail for questioning. Both men denied ownership of the black and green carry bag and the currency found in the car. Brown and Davis were released.

The Government alleges that based on the foregoing, there is probable cause to believe that the $4,790.00 seized on July 16, 2004 represents moneys furnished or intended to be furnished in exchange for a controlled substance or are the proceeds thereof and are, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

The Government attached the affidavit of Scott Giovannelli, Special Agent, United States Drug Enforcement Administration, to its response to the Claimant's motion for summary judgment or to dismiss. According to the affidavit, on July 19, 2004, ISP Sgt. Chris Trame received a telephone

3

call from the Claimant regarding the traffic stop of his son. The Claimant stated that the bag containing the currency found in the trunk of the car was his and he would like to claim it.

Agent Giovannelli states that Sgt. Trame met with the Claimant on the afternoon of July 19, 2004. The Claimant informed Sgt. Trame that he had been drinking on the morning of July 16. The Claimant stated that he called Davis to give him a ride and when Davis arrived, the Claimant threw the bag containing approximately $5,000.00 in the duffel bag, along with some personal items. Davis was unaware of this. Agent Giovannelli states that when the Claimant was asked what else was in the bag, he responded that the bag also contained some jeans, a shirt and deodorant. The following items were actually found in the bag: (1) a bag of green rubber bands, similar in size to the one which bound the currency; (2) a box of clear, plastic sandwich bags; (3) two hands free ear pieces for a cell phone; (4) one unopened box of t-shirts; (5) a pair of blue jeans; (6) condoms; (7) a plastic bag containing used infant clothing; (8) a bath towel and wash cloth; and (9) a black shaving bag containing miscellaneous shaving/

bathroom articles.

Agent Giovannelli states that the Claimant could not explain why other items not noted by him were in the bag. Moreover, the Claimant stated he did not have a cell phone or any children or grandchildren who were of infant age. When asked if he was sure of the amount of money in the bag, the Claimant responded there was approximately $5,000.00, which was mostly in denominations of $100's. When asked if he was sure, the Claimant stated the denominations were not mostly $100's, but contained some $100's, $50's, $20's, $10's, $5's and $1's. According to Agent Giovannelli, the currency included denominations of $100's, $20's, $10's and $5's. It is unclear how many $100's were included in the $4,700.00.

The Claimant informed the officers that he works periodically as a carpenter but does not keep his money in a bank. Agent Giovannelli states that the Claimant is not one of the two black men he observed with the duffel bag during his surveillance on July 16, 2004. One of those men placed the bag in the back of the Nissan before the traffic stop.

The Claimant has moved for summary judgment or to dismiss for

failure to state a claim.² Because Agent Giovannelli's affidavit is part of the record, the Court will consider the Claimant's request as a motion for summary judgment.

## II. ANALYSIS

### A. The Legal Standards

A party is entitled to summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes the facts in the light most favorable to the non-moving party. See United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00), 403 F.3d 448, 454 (7th Cir. 2005).

Congress has provided that money which is "furnished by any person in exchange for a controlled substance" or money which is "traceable to such

---

²While the motion is entitled "motion for summary judgment or to dismiss for failure to state a claim," the Claimant is apparently moving for summary judgment or for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). As the Government notes, a motion to dismiss for failure to state a claim under Rule 12(b)(6) would be untimely.

an exchange" is subject to forfeiture. See 21 U.S.C. § 881(a)(6). "Civil forfeiture standards are now subject to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c)(1)." Funds in the Amount of $30,670.00, 403 F.3d at 454. The Government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. See 18 U.S.C. § 983(c)(1). "[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

B. The Claimant's Motion for Summary Judgment

The Claimant contends the Government's complaint demonstrates nothing more than an illegal seizure and that it is unable, therefore, to show a substantial connection between the property and the underlying criminal activity. Moreover, the only offense referred to in the complaint is an unspecified traffic offense. The Claimant notes that one court has held that evidence which included an anonymous tip, a drug dog's alert to the seized

currency, the total amount of money, evasive statements to the person from whom the money was seized, and the individual's prior conviction for a drug offense amounted to nothing more than "some suspicion that the Claimants were involved in some drug transaction," but was not enough to warrant the entry of summary judgment to the Government.  See United State v. $5,000 in U.S. Currency, 40F.3d 846, 849-50 (6th Cir. 1994).  Moreover, another court has held that a detection dog's positive alert to currency, the packaging and amount of the money, and the claimant's false accounts of the money's source and of his own employment record was not sufficient to establish probable cause that the currency was connected to drugs, thereby entitling the claimant to summary judgment.  See United States v. United States Currency, $30,060.00, 39 F.3d 1039, 1044-45 (9th Cir. 1994); see also United States v. $31,990.00 in United States Currency, 981 F.2d 851, 855-56 (2d Cir. 1993) (holding that the large amount of money seized, the manner in which it was packaged, a false explanation for ownership of the money, travel along a known drug courier route, and the seizure of one-half gram of cocaine was insufficient to establish probable cause of a substantial

connection between the currency and narcotics.).

The Claimant contends that because the Government's complaint fails to allege even the basic elements of a civil forfeiture action, no such action can be maintained and he is therefore entitled to summary judgment.

The Government asserts that it is not yet required to detail all of its evidentiary proof or specify every fact which ties the currency to drug activity. The allegations were sufficient to allow the Claimant to commence an investigation and frame a response, which the Government contends is all that is necessary at this stage of the litigation. Moreover, it need not trace the money to a particular drug transaction. See United States v. United States Currency in the Amount of $150,660.00, 980 F.2d 1200, 1205 (8th Cir. 1992). Accordingly, the Government contends it has satisfied the pleading requirements of Federal Rule of Civil Procedure 8 and Supplemental Rule E(2)(a).

The Government next alleges it has met its burden of first establishing by a preponderance of the evidence that the Defendant property is forfeitable. Pursuant to 18 U.S.C. § 983(c)(2), the Government notes that

it may rely on evidence gathered after the complaint was filed in order to meet its burden. The Government asserts that the affidavit of Agent Giovannelli "further establishes the facts and circumstances tending to prove that there was and is probable cause for the seizure and forfeiture of the defendant currency." The Government contends the Claimant has not presented any evidence to enable a fact finder to conclude that the currency is not related to drugs. He has simply made the general statement that the money is his.

The Government asserts there are genuine issues of material fact which demonstrate that the Claimant is not entitled to summary judgment. Some facts remain disputed and need to be examined further. Specifically, while the Claimant alleges he is the owner of the currency and the currency is not "drug money," both individuals in possession of the currency at the time of its seizure denied ownership or any knowledge that the currency was in the vehicle. Notwithstanding these denials, both individuals were apparently seen by Agent Giovannelli in possession of the carry bag containing the Defendant currency during surveillance conducted earlier on

the date of the traffic stop. Moreover, one of the individuals was seen placing the bag in the trunk of the vehicle prior to the stop. The Government further alleges that according to the agent's affidavit, a confidential source had contacted law enforcement and advised them that one of the individuals was in town collecting money and was to return to Chicago to purchase cocaine. The Government notes that Agent Giovannelli observed the confidential source driving Antwain Brown around Springfield to collect money earlier on the day of the stop. Accordingly, the Government contends there is a dispute regarding the ownership of the currency.

Based on the foregoing, the Government contends there are two key facts which remain disputed: (1) whether the Claimant is the owner of the currency; and (2) whether the currency is money furnished or intended to be furnished in exchange for a controlled substance or is traceable to such an exchange. Therefore, the Government asserts that the Claimant's motion for summary judgment should be denied.

Because the statements of the confidential source pertain to whether

there are genuine issues of fact surrounding the ownership of the currency, the Court will address the Claimant's motion to compel discovery or, in the alternative to dismiss, before resolving the summary judgment motion.

### C. The Claimant's Motion to Compel Discovery or to Dismiss

The Claimant asks the Court to enter an Order compelling the Government to disclose the name, telephone number and address of the individual referred to as the confidential source or to dismiss this case and return the Defendant funds to the Claimant. In support of his motion, the Claimant alleges that documents provided by the Government indicate that on July 14, 2004, a "concerned citizen" contacted officers. This concerned citizen was subsequently identified as Confidential Source No. 04-11640. The confidential informant provided information pertaining to Antwain Brown's distribution of cocaine in Springfield. The Claimant notes that according to police reports, the confidential informant had previously paid Brown to purchase cocaine for him and that Brown had stolen some of the informant's cocaine and sold it.

The Claimant alleges that after conducting surveillance of Brown,

Agent Giovannelli provided certain information to the ISP. The ISP then conducted a traffic stop of the vehicle in which Brown was a passenger. The Claimant contends that the only conceivable source of evidence linking the seized currency to any illegal activity is the testimony of the confidential source. He asserts that the Government is required, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A),[3] to disclose the name, telephone number and address of this individual. Accordingly, the Claimant asks the Court to direct the Government to disclose this information.

In its response, the Government alleges that it is not required to reveal the names of confidential informants in cases in which the informant's safety would be jeopardized or when ongoing investigations would be impeded. In such cases, the Government contends that the public's interest in protecting the flow of information and the personal safety of the informant outweighs the Claimant's need for the information. See United States v. Roviaro, 353 U.S. 53, 62 (1957). The Government asserts that

---

[3]The relevant portion of the rule states that a party must, without awaiting a discovery request, provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

the Claimant lacks a legitimate need for the information. The information provided by the confidential informant enabled law enforcement to begin surveillance on Brown as he drove from residence to residence on July 16, 2004, allegedly collecting money to purchase cocaine. Brown and Davis, the Claimant's son, were observed placing the canvas bag in the trunk. Later that day, both men denied ownership of the bag containing the Defendant currency.

The Government contends that the informant's testimony is not vital to the Claimant's claim to the Defendant funds. It alleges that this disclosure would serve only to provide the Claimant with the opportunity to attack the informant's credibility. This would not disprove the facts surrounding the seizure of the funds and subsequent events.

The Government further alleges that at trial, after it establishes by a preponderance of the evidence that the currency is forfeitable, the Claimant will have the burden of showing by a preponderance that the currency was not linked to illegal drug activity. The Claimant cannot prove his ownership of the currency by merely attacking the credibility of the confidential

14

informant.

The Court agrees with the Government's assertion that identifying the informant would only provide the Claimant with the opportunity to attack his credibility. The Claimant alleges that the testimony of the informant is the sole source of evidence linking the currency to drug activity. While the investigation may have been commenced because of the statements of the informant, the seizure and forfeiture of the funds is based on other circumstances surrounding the discovery of the bag, including the observations of law enforcement agents and the statements of the occupants of the car. It appears that the primary reason that the Claimant wants this information is for purposes of impeachment. The Court concludes, therefore, that the public's interest in protecting the flow of information and the personal safety of the informant outweighs the Claimant's need for the information. Accordingly, the Court will DENY the Claimant's motion to compel discovery or in the alternative to dismiss.

### D. The Court's Conclusions

After carefully reviewing the parties' briefs and the entire record, the

Court concludes there are genuine issues of material fact which preclude the entry of summary judgment in favor of the Claimant.  Based primarily on the information included in Agent Giovannelli's affidavit, the Court has no trouble determining there was probable cause to believe that the Defendant currency represents the proceeds of illegal drug transactions.  Accordingly, the Government had probable cause to commence this forfeiture action.

The Claimant has simply stated that he is the owner of the currency and that it is not "drug money."  The information contained in Agent Giovannelli's affidavit, however, clearly creates factual disputes as to whether the Claimant is the owner of the currency and whether it is money furnished or intended to be furnished in exchange for a controlled substance, or is proceeds traceable to such an exchange.  The Claimant presented no information to cast doubt on these allegations.  Because there are genuine issues of material fact, the Court will DENY the Claimant's motion for summary judgment.

Ergo, the motion of Claimant David Lacey for summary judgment or to dismiss for failure to state a claim [d/e 14] is DENIED.  The

Claimant's motion to compel discovery or in the alternative to dismiss [d/e 19] is DENIED.  The final pretrial conference is hereby CONTINUED from November 28, 2005 to January 9, 2006 at 2:00 p.m.  A date certain for trial will be set at that time.

ENTER: November 18, 2005

        FOR THE COURT:

                s/Richard Mills
                United States District Judge