IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04-3254 |
| | ) |
| FOUR THOUSAND SEVEN HUNDRED NINETY DOLLARS AND 00/100 DOLLARS ($4,790.00) IN U.S. CURRENCY, | ) ) ) ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Government's motion to strike the Claimant's demand for a trial by jury.

The Government's forfeiture complaint did not include a jury demand. On December 17, 2004, Claimant David Lacy filed his claim and answer to the complaint. Neither the claim nor the answer contained a demand for a jury trial.

On March 15, 2005, a scheduling order was entered setting forth a

1

discovery and motions schedule. On May 16, 2005, the Claimant filed a motion for summary judgment. On May 23, 2005, the Claimant filed his demand for trial by jury on all issues raised by the Government's forfeiture complaint. The Claimant subsequently filed a motion to compel discovery. In an order entered on November 21, 2005, the Court denied both of the Claimant's motions. On January 9, 2006, a final pretrial conference was held and a trial date of January 31, 2006 was scheduled.

An issue raised by the Government at the final pretrial conference was whether the Claimant waived his right to a trial by jury by making an untimely demand. Rule 38(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

Rule 38(d) provides in relevant part, "The failure of a party to serve and file a demand as required by the rule constitutes a waiver by the party of trial by jury."

In support of its motion, the Government contends that because the Claimant did not make a jury demand within ten days after service of the last pleading addressing the issues which are triable by a jury, he has waived his right to a trial by jury.  In this case, the Government alleges that the Claimant's jury demand had to be filed and served within ten days after the filing of his answer.  Because the jury demand was filed six months after the Claimant's answer, the Government asserts that the Claimant has waived his right to a jury trial.

Counsel for the Claimant has informed the Court that he believes the Government's position as to waiver is correct.  Accordingly, the Court will ALLOW the Government's motion and this action will be tried at bench.

Ergo, the Government's motion to strike the Claimant's demand for a trial by jury [d/e 23] is ALLOWED.  The bench trial will commence on January 31, 2006 at 10: 00 a.m.

ENTER:  January 13, 2006

        FOR THE COURT:

          s/Richard Mills
          United States District Judge